IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Susan Stevens Willing, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:17-2030-RMG |
| vs. ) | |
| ) | |
| Nancy Berryhill, Acting Commissioner ) | |
| of Social Security Administration, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 10, 2018, recommending that the Court affirm the decision of the Commissioner. (Dkt. No. 27). Plaintiff filed objections to the R & R, arguing that the Administrative Law Judge ("ALJ") failed to address, as required by SSR 00-04p, 2000 WL 1898704 (2000), an apparent unresolved conflict between her finding that Plaintiff's Residual Functional Capacity ("RFC") was limited to "understanding, remembering, and carrying out simple instructions" and the vocational expert's identification of jobs at Step Five which required the ability to "carry out detailed but uninvolved written or oral instructions." (Dkt. No. 29). The Commissioner filed a reply, arguing that Plaintiff's arguments are without merit and the agency decision should be affirmed. (Dkt. No. 31). As explained more fully

below, the Court finds that the Commissioner failed to carry her burden at Step Five of the sequential process, entitling Plaintiff to a finding of disability as a matter of law. Consequently, the decision of the Commissioner is reversed and remanded to the agency with instructions to award disability benefits from the Plaintiff's onset date of July 26, 2013.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the

administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *See Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner, in passing upon an application for disability benefits, is required to undertake a five-step sequential process. At Step One, the Commissioner must determine whether the claimant is engaged in substantial gainful work. If the claimant is not engaged in substantial gainful employment, the Commissioner proceeds to Step Two, which involves a determination whether the claimant has a "severe medically determinable physical or mental impairment." If the claimant has one or more severe impairments, the Commissioner proceeds to Step Three, which involves a determination whether any impairment satisfies one of the designated list of impairments that would automatically render the claimant disabled. Where a claimant does not satisfy one of the listed disabling impairments, the Commissioner must proceed to Step Four, which involves a determination of the claimant's RFC. Once the RFC is determined, the Commissioner proceeds to Step Five to determine if jobs exist in significant numbers in the national economy that the claimant can perform in light of her RFC. 20 C.F.R. § 404.1520(a)(4). The claimant carries the burden of establishing the requirements of Steps One through Step Four, but at Step Five the burden shifts to the Commissioner. If the Commissioner fails to carry her burden at Step Five, the claimant is entitled to a finding of disability as a matter of law. *See Pearson v. Colvin*, 810 F.3d 204, 209-10 (4th Cir. 2015).

## Discussion

The ALJ found that the claimant suffered from a number of severe physical and mental impairments, including a history of major spine surgeries, lumbar radiculopathy, depression,

bipolar disorder, personality disorder and attention deficit disorder. Tr. 12-13. The ALJ further found that due to these multiple severe physical and mental impairments, Plaintiff had the capacity to perform less than the full scope of light work, the lowest level of functional capacity possible under the Social Security Act in which the claimant in this age group is not deemed disabled.[1] The ALJ found that Plaintiff was limited to jobs in which she is "able to understand, remember, and carry out simple instructions consistent with routine, repetitive, and unskilled work at SVP 1 and SVP 2 . . ." Tr. 16. Based on a hypothetical question placed by the ALJ to the vocational expert that included this limitation, the vocational expert opined that Plaintiff was capable of performing the duties of a garment sorter and a retail marker, both SVP 2 level positions. The vocational expert did not identify any SVP 1 level jobs Plaintiff could perform. Tr. 69-70.

Plaintiff argues that imbedded in the ALJ's hypothetical question and the vocational expert's testimony is a legal error because a limitation in a RFC to a claimant carrying out "simple instructions" is inconsistent with the level of reasoning ability required for SVP 2 work. The DOT identifies six levels of jobs based upon reasoning ability. Level 1 requires the ability to "apply commonsense understanding to carry out *simple* one-or two-step instructions." Dictionary of Occupational Titles, Appendix C, 1991 WL 688702 at * 2 (1991) (emphasis added). Level 2 positions require the ability to "apply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions." *Id.* (emphasis added).

---

[1] The ALJ determined that Plaintiff, at 51 years of age, fell into the category of an "individual closely approaching advanced age," a category in which a claimant with Plaintiff's age, education, and previous work experience is deemed disabled if she is limited to only sedentary work. 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200(g); Tr. 20.

Where there is an apparent unresolved conflict between the testimony of the vocational expert and the DOT, Social Security regulations require the ALJ to (1) identify any apparent unresolved conflict between the vocational expert and the DOT and (2) elicit from the vocational expert a reasonable explanation for the conflict before relying on the vocational expert's testimony. SSR 00-04p at *2. The failure for the ALJ to perform her responsibilities under SSR 00-04p is no small matter. Since the Commissioner carries the burden at Step Five of the sequential process and vocational expert testimony is necessary to address a RFC inconsistent with the requirements of the DOT, the failure to resolve the conflict between the vocational expert's testimony and the DOT leaves the Commissioner without substantial evidence to meet her burden at Step Five and mandates a determination that the claimant is entitled to a finding of disability as a matter of law. *See Pearson*, 810 F. 3d at 209-10 ("[I]f the ALJ does not elicit this explanation, then the expert's testimony cannot provide substantial evidence to support the ALJ's decision."); *Stepp v. Berryhill*, No. 1:17-771-MBS-SVH, 2017 WL 6806664 at *13-14 (D.S.C. 2017) (Report and Recommendation), *adopted* 2018 WL 294517 (D.S.C. 2018).

In this matter, the ALJ plainly limited Plaintiff to jobs that could be performed with "simple instructions," which are only SVP 1 positions. Tr. 16. *See Henderson v. Colvin*, 643 Fed. Appx. 273, 276-77 (4th Cir. 2016); *Rounds v. Commissioner*, 807 F.3d 996, 1003 (9th Cir 2015). This provision of Plaintiff's RFC was based on findings by mental health experts that the claimant was capable of performing a job with simple instructions, but would be "moderately limited" in carrying out detailed instructions due to her complicated mental health history. Tr. 80, 111, 112. The ALJ indicated that she gave "great weight" to these mental health experts, Dr. Michael Neboschick and Dr. Jody Lenrow. Tr. 19. The failure of the ALJ to identify the

apparent unresolved conflict between the vocational expert's testimony and the DOT and to obtain a reasonable explanation for the discrepancy from the vocational requires reversal of the Commissioner's decision because there is not substantial evidence to support the finding at Step Five that there exist jobs in the national marketplace in significant numbers that Plaintiff could perform.

The Court notes that the ALJ attempted to deflect responsibility for any deficiency in the vocational expert's testimony by contending that Plaintiff's counsel had failed to challenge the testimony at the administrative hearing. Tr. 21-22. Similarly, the Commissioner now claims this glaring deficiency in the ALJ's decision cannot be addressed by this Court because it was not clearly raised before the Magistrate Judge. (Dkt. No. 31 at 1-3). These arguments fail to recognize that the burden is on the Commissioner, not the Plaintiff, to provide substantial evidence to support the finding at Step Five that a substantial number of jobs exist in the national economy that Plaintiff can perform. As the Fourth Circuit noted in *Pearson*, the claimant is not required to raise the conflict, and to impose this on the Plaintiff "would amount to shifting the burden of proof back to the claimant." 810 F. 3d at 210. Similarly, any failure of the Plaintiff to raise the issue before the Magistrate Judge does not excuse this Court's duty to review the record in its entirety and to determine if substantial evidence exists to support the decision of the Commissioner. There is obviously not substantial evidence to support the ALJ's decision at Step Five, mandating this Court's reversal.

## Remedy

This Court's general practice is to remand decisions to the Commissioner for further administrative action, but it is well settled that the District Court has the authority to

award benefits. 42 U.S.C. § 405(g). An award of benefits by the District Court is appropriate where the record is fully developed and it is clear that the Commissioner would be required to award benefits on remand. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Williams v. Comm'r of Soc. Sec.*, 104 F. Supp. 2d 719, 721 (E.D. Mich. 2000). This is particularly true where there has been a significant lapse of time in the administrative processing of the claim. *See Holohan*, 246 F.3d at 1210; *Podedworny v. Harris*, 745 F.2d 210, 223 (3rd Cir. 1984). This application for disability benefits was filed on April 16, 2013, now approaching six years. The time to award Plaintiff the benefits she is entitled has now arrived.

## Conclusion

Based on the foregoing, the Court hereby reverses the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and remands the matter to the agency with instructions to award benefits from Plaintiff's onset date of July 26, 2013.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 17, 2019
Charleston, South Carolina